IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ROBERT AUSTIN,<br><br>Petitioner,<br><br>v.<br><br>WARDEN SHANE NELSON,<br><br>Respondent. | **MEMORANDUM DECISION & ORDER DISMISSING § 2254 PETITION**<br><br>Case No. 2:17-CV-1314-DAK<br><br>District Judge Dale A. Kimball |

Petitioner, Robert Austin, petitions for federal habeas relief regarding his Utah state convictions. *See* 28 U.S.C.S. § 2254 (2020).[1] Having carefully considered germane documents and law, the Court concludes that Petitioner's petition is inexcusably untimely. *See* 28 *id*. § 2244(d)(1). The petition is therefore dismissed with prejudice.

### RELEVANT TIMELINE

• 4/30/97   After pleading guilty, Petitioner sentenced to life (aggravated murder); five years to life (attempted aggravated murder); and five years to life (aggravated burglary). (ECF No. 15-6, at 1 (state dist. ct. case no. 961900742).)

• 9/9/97   Petitioner withdrew motion to withdraw plea. (ECF No. 15-8, at 8.)

• 10/20/97   Petitioner's notice of direct appeal filed. (ECF No. 15-9, at 1.)

• 12/10/97   State appeal dismissed for not timely filing docketing statement. (ECF No. 15-10.)

• 7/12/02   First state post-conviction petition (PCP) filed. (ECF No. 15-11, at 1 (state dist. ct. case no. 020904945).)

---

[1] Section 2254 reads in pertinent part:

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C.S. 2254(a) (2020).

• 11/21/03    First PCP denied. (ECF No. 15-11, at 5.)

• 2/22/16    Second PCP filed. (ECF No. 15-12, at 2 (state dist. ct. case no. 160901126).)

• 8/30/16    Second PCP denied as untimely. (*Id.* at 3.)

• 1/17/17    Utah Court of Appeals summarily affirmed second PCP denial. (*Id.* at 4.)

• 1/2/18     Filing of federal petition. (ECF No. 4.)

• 9/12/18    Filing of Respondent's answer to petition, arguing petition is inexcusably untimely. (ECF No. 15.)

• 11/13/18   Filing of Petitioner's response to answer. (ECF No. 18.)

## ANALYSIS

Federal law imposes "a 1-year period of limitation . . . to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C.S. § 2244(d)(1) (2020). The period generally runs from the day "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.*

Utah requires a notice of appeal to be filed "within 30 days after the date of entry of the judgment or order appealed from." Utah R. App. P. 4(a). "Failure to timely file an appeal … constitutes a waiver of the right to appeal." *State v. Houskeeper*, 2002 UT 118, ¶ 23.

Petitioner's judgment was entered April 30, 1997. (ECF No. 15-6, at 1.) The last day to file a timely notice of appeal was thirty days later--May 30, 1997. But Petitioner did not do so. Thus, the federal one-year limitation period began running on that date and expired June 1, 1998. Petitioner filed his petition here on January 2, 2018, nearly twenty years later. (*Id.*)

### A. Statutory Tolling

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted

toward any period of limitation under this subsection." 28 U.S.C.S. § 2244(d)(2) (2020). However, a "state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (same). Because Petitioner did not have any state post-conviction cases pending during the running of the period of limitation (only after), the limitation period was never paused by statute.

### B. Equitable Tolling

So, Petitioner has no ground for statutory tolling. He does, however, possibly offer arguments for equitable tolling. He suggests equitable tolling is applicable because "violations of constitutional proportion invade the entire proceedings," (ECF No. 18. at 4); "cruel and unusual punishment that meet the criterion for exception to the procedural default rule and have created miscarriage of justice in a way that makes [Petitioner] factually innocent of the capital charges keeping [Petitioner] in prison," (*id*.); and that he was in a situation in which he did not understand the applicable law and just recently learned it.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "'when a prisoner is actually innocent'" or "'when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'" *Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. 2005) (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted)). And, Petitioner "has

the burden" of showing equitable tolling applies. *Lovato v. Suthers,* 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished).

### 1. Extraordinary Circumstances

Petitioner fails to spell out how circumstances affected his ability to bring his petition earlier. *Johnson v. Jones*, 274 F. App'x 703, 705 (10th Cir. 2008). For instance, he has not specified how, in the many years between April 30, 1997 (judgment of conviction final), and January 2, 2018 (federal petition filed), he was continually and thoroughly thwarted by uncontrollable circumstances from filing. Nor has he detailed who and what would not allow him to file some kind of petition. He also does not hint how extraordinary circumstances eased to allow him to file this habeas-corpus petition on January 2, 2018. Such vagueness is fatal to his contention that extraordinary circumstances kept him from timely filing.

Still, Petitioner hints that his lateness should be excused because he lacked legal resources and knowledge. However, the argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, 143 F. App'x 913, 914 (10th Cir. 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Indeed, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

Petitioner has not met his burden of showing that--during the limitation period's running and well beyond--he faced extraordinary circumstances that kept him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Petitioner thus has not established this first basis for equitable tolling.

**2. Actual Innocence**

Petitioner's entire actual-innocence argument is as follows: "cruel and unusual punishment that meet the criterion for exception to the procedural default rule and have created miscarriage of justice in a way that makes [Petitioner] factually innocent of the capital charges keeping [Petitioner] in prison." (ECF No. 4.) This argument is nonsensical. For instance, after-the-crime cruel and unusual punishment cannot possibly create factual innocence. Indeed, "Petitioner does not [even] allege that he did not commit the acts underlying his conviction, much less provide any evidence to prove his factual innocence." *House v. United States*, No. CV 13-583, 2013 U. S. Dist. LEXIS 124067, at *11 (C.D. Cal. July 26, 2013); *see also Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

To be clear: "[T]o claim actual innocence a petitioner must present new, reliable evidence that was not presented at [or available for] trial. Such evidence typically consists of 'exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.'" *Rose v. Newton-Embry*, 194 F. App'x 500, 502 (10th Cir. 2006) (unpublished) (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). Further, this evidence must "affirmatively demonstrate . . . innocence," not just "undermine the finding of guilt." *Ballinger v. Kerby*, 3 F.3d 1371, 1375 (1993). After presenting such evidence, a petitioner must then "show that in light of the new evidence, 'no reasonable juror would have found the defendant guilty.'" *See Rose*, 194 F. App'x at 502 (quoting *Schlup*, 513 U.S. at 329). Such evidence is so very rare that "in virtually every case, the allegation of actual innocence has been summarily rejected." *Schlup*, 513 U.S. at 324.

There is no new evidence. Petitioner's mere rehashing of evidence and alleged civil-rights violations do not even hint proper support for application of the actual-innocence exception.

### 3. Summary

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that stopped him from timely filing or that he took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Nor has he shown actual innocence. Accordingly, equitable tolling does not apply here.

## CERTIFICATE OF APPEALABILITY

The Court next considers whether to issue a certificate of appealability (COA). *See* R.11, Rs. Governing § 2254 Cases in the United States District Courts ("The district court must issue or deny a [COA] when it enters a final order adverse to the applicant.").

When a habeas petition is denied on procedural grounds, as this one is, a petitioner is entitled to a COA only if he shows that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citing 28 U.S.C.S. § 2253 (2020)). Petitioner has not made this showing.

## CONCLUSION

Petitioner unjustifiably delayed filing his habeas-corpus petition until January 2, 2018-- nearly twenty years past the limitation period's expiration.

**IT IS THEREFORE ORDERED** that this petition is **DENIED**. (ECF No. 4.)

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FINALLY ORDERED** that Petitioner's separate motion for release is **DENIED**. (ECF No. 21.) In it, Petitioner appears to inappropriately seek relief from allegedly unlawful (a) conditions of confinement that should be--if at all--addressed instead in a civil-rights complaint; and (b) execution of sentence that should be--if at all--addressed instead in a petition under 28 U.S.C.S. § 2241 (2020). The Clerk's Office shall mail Plaintiff a Pro Se Litigant Guide with a

blank-form civil-rights complaint and habeas petition which Plaintiff must use if Plaintiff wishes

to pursue separate cases raising other issues.

      This action is **CLOSED**.

         DATED this 4th day of March, 2021.

             BY THE COURT:

             JUDGE DALE A. KIMBALL
             United States District Court